STEPHEN J. USOZ, SB# 189095
LESLIE HOLMES, SB# 192608
MARK V. BOENNIGHAUSEN, SB# 142147
HOGAN HOLMES & USOZ LLP
333 West Santa Clara St., Suite 800
San Jose, California 95113
Telephone: 408-292-7600
Fax:  408-292-7611

Attorneys for Plaintiff
DARSHANA NADKARNI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARSHANA NADKARNI, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DATTAPRASANNA G. NADKARNI, an individual, <br><br> Defendant. | CASE NO.  C07-04834 JF <br><br> COMPLAINT FOR VIOLATION OF THE STORED COMMUNICATIONS PRIVACY ACT; AND INVASION OF PRIVACY; <br><br> [JURY TRIAL DEMANDED] |

Plaintiff DARSHANA NADKARNI ("Plaintiff" or "Ms. Nadkarni"), alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action for violation of the federal Stored Communications Privacy Act (18 U.S.C. § 2701 *et. seq.*) and related state claims because her ex-husband, defendant Datttaprasanna Nadkarni ("Defendant" or "Mr. Nadkarni") wrongfully accessed her Yahoo! e-mail account in an apparent attempt to gain an advantage in a Santa Clara County family law action.  Defendant has admitted his conduct in a declaration filed in the family law action and has threatened to expose additional personal information of Ms. Nadkarni's.

**COMPLAINT** 1

1  Accordingly, in conjunction with this complaint, Ms. Nadkarni has filed an ex parte order seeking immediate relief to prevent further harm to her.

### JURISDICTION AND VENUE

2. The Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and (b) and this Court's pendant jurisdiction. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

### INTRADISTRICT ASSIGNMENT

3. Assignment of this action to the San Jose Division is proper under Civil Local Rule 3-2, in that a substantial part of the events giving rise to the claims alleged herein occurred in the County of Santa Clara.

### THE PARTIES

4. Plaintiff in an individual who resides in San Jose, California. She is currently a petitioner in a pending Santa Clara County family law case, captioned *Nadkarni v. Nadkarni*; Santa Clara County action No: 1-02-FL-107415 ("Family Law Action").

5. Defendant is an individual residing in Fremont, California, and is the respondent in the above-mentioned family law case.

### BACKGROUND FACTS

6. Plaintiff and defendant were previously married. On June 21, 2002, Ms. Nadkarni filed for divorce from defendant. The resulting family law case has been contentious.

7. After plaintiff and defendant separated, Ms. Nadkarni established a yahoo e-mail account with the following e-mail address: penmealine@yahoo.com. This e-mail was Ms. Nadkarni's personal e-mail account, though which she communicated with her attorney, as well as conducted personal and business affairs. Ms. Nadkarni did not give the defendant her password to this account or give him permission to access this account.

COMPLAINT                                      2

8. On are about August 31, 2007, defendant filed a declaration in the Family Law Action which contained copies of private e-mails from Ms. Nadkarni's yahoo e-mail account. Attached as Exhibit "A" is a true and correct copy of this declaration.

9. In this declaration, defendant attempts to justify in his wrongful access into Ms. Nadkarni's private e-mail account by testifying:

> "I had no choice, in sheer panic and desperation I tried to access the email accounts which I had myself set up for the Petitioner and my son several years ago, to see if I had missed any emails from her regarding her international travel plans. Their email addresses are penmealine@yahoo.com and nneil2003@yahoo.com and Petitioner has since changed her password."

Exhibit "A" p. 2.

10. Later in the same declaration, defendant implicitly threatens to expose other personal information from the e-mails he has wrongfully accessed, including potential harm to unidentified third-parties, stating:

> "I have procured more evidence from the above-mentioned email accounts, which could be considered inflammatory and sensitive to certain others. I have no intention to share these emails other than as evidence in future legal proceedings."

Exhibit A, p. 4-5.

## FIRST CAUSE OF ACTION

(Violation of Stored Communications Privacy Act)

11. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 10, inclusive, and incorporates them by reference herein.

12. Information stored in e-mail accounts is covered by the Federal Stored Communications Privacy Act, 18 U.S.C. §§ 2701 – 2711 (the "Act").

**COMPLAINT** 3

13. The Act prohibits anyone from intentionally accessing without authorization e-mail information which is not their own. In addition to criminal sanctions, the Act also provides for a civil remedy, including preliminary and equitable relief; monetary damages, including punitive damages; and the award of reasonable attorney fees and costs to a successful litigant. 18 U.S.C. § 2707 (a–c).

14. The defendant's actions, as described above, violate the Act. In addition to damages, Ms. Nadkarni is entitled to an injunction restraining the defendant and all persons acting in concert with him, from engaging in further such acts of violation of The Act.

## SECOND CAUSE OF ACTION

(Invasion of Privacy)

15. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 14, inclusive, and incorporates them by reference herein.

16. Plaintiff had a legal and reasonable expectation of privacy in her personal yahoo e-mail account.

17. Defendant invaded that right by wrongfully accessing her e-mail account and taking personal information from it for his use.

18. Plaintiff suffered damage as a result of this invasion of privacy.

## PRAYER FOR RELIEF

1. That the Court find the defendant to have deliberately and willfully violated the Act and violated plaintiff's right to privacy.

2. That the defendants and all other persons in active concert or privity with him are enjoined preliminarily and permanently from directly or indirectly violating plaintiff's rights to privacy and that all wrongfully obtained information obtained by plaintiff is returned and/or destroyed.

3. That punitive damages be awarded in favor of plaintiff and against defendant for his wrongful and intentional conduct.

COMPLAINT                                                         4

    4.    That Plaintiff has a judgment against defendant for her costs and attorneys' fees.

    5.    That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

Dated: September 19, 2007

HOGAN HOLMES & USOZ LLP

/s/ Stephen J. Usoz

_____
STEPHEN J. USOZ
LESLIE HOLMES
MARK V. BOENNIGHAUSEN

Attorneys for Plaintiff

**COMPLAINT**    5

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims so entitled to in this action.

Dated: September 19, 2007

HOGAN HOLMES & USOZ LLP

/s/ Stephen J. Usoz

STEPHEN J. USOZ
LESLIE HOLMES
MARK V. BOENNIGHAUSEN

Attorneys for Plaintiff

**COMPLAINT**  6