STEPHEN J. USOZ, SB# 189095
LESLIE HOLMES, SB# 192608
MARK V. BOENNIGHAUSEN, SB# 142147
HOGAN HOLMES & USOZ LLP
333 West Santa Clara St., Suite 800
San Jose, California 95113
Telephone: 408-292-7600
Fax:  408-292-7611

Attorneys for Plaintiff
DARSHANA NADKARNI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARSHANA NADKARNI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DATTAPRASANNA G. NADKARNI, an individual,<br><br>Defendant. | CASE NO.  C07-04834 JF<br><br>EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

**EX PARTE APPLICATION FOR TRO**

This Ex Parte Application for Temporary Restraining Order ("TRO") is necessary because defendant Dattaprasanna G. Nadkarni ("defendant" or "Mr. Nadkarni") had admitted in a declaration filed in Santa Clara Superior Court family law matter, case number 1-02-FL-107415, that he has accessed without permission the e-mail of his ex-wife, plaintiff Darshana Nadkarni ("plaintiff or "Ms. Nadkarni."). Further, defendant in his declaration submitted to that court has implicitly threatened to use this wrongfully gained information to possibly embarrass third-parties and/or plaintiff.

**EX PARTE TRO APPLICATION**

Defendant's wrongful access of plaintiff's e-mail account is in clear a violation of the federal Stored Communications Privacy Act (18 U.S.C. § 2701 *et. seq.*), a statute which specifically provides for injunctive relief. *See* 18 U.S.C. § 2707 (b).

Under the well-established TRO standards articulated by the Ninth Circuit, particularly in a situation where the federal statute at issue calls for injunctive relief, it is evident that plaintiff is likely to prevail on the merits, she could suffer irreparable harm if the injunction does not issue, and that the relative hardships tip squarely in her favor.

Accordingly, plaintiff requests the following TRO be issued immediately:

(1) That defendant and anyone with whom he has acted in concert with, be prohibited from using or providing to any third-party any information he obtained from plaintiff's e-mail account;

(2) That defendant preserve all data on any computer and or electronic devices he owns or regularly uses until plaintiff has had an opportunity to inspect such devices for any wrongfully obtained information; and

(3) Defendant be ordered to show cause why a permanent injunction should not issue as set forth above.

## FACTUAL BACKGROUND

Plaintiff and defendant were previously married.[1]  On June 21, 2002, Ms. Nadkarni filed for divorce from defendant. The resulting family law case has been contentious.

After plaintiff and defendant separated, Ms. Nadkarni established a yahoo e-mail account with the following e-mail address: penmealine@yahoo.com. This e-mail was Ms. Nadkarni's personal e-mail account, through which she communicated with her attorney, as well as conducted personal and business affairs. Ms. Nadkarni did not give the defendant her password to this account or give him permission to access this account.

---

[1] All facts in this matter are taken from the declarations of Darshana Nadkarni and Stephen Usoz in support of Ex Parte Application and Request for Temporary Restraining Order, filed concurrently with this application.

**EX PARTE TRO APPLICATION**

-2-

On are about August 31, 2007, defendant filed a declaration in the Family Law Action which contained copies from private e-mails from Ms. Nadkarni's yahoo e-mail account. This declaration is attached as Exhibit "A" to the Ms. Nadkarni Declaration.

In this declaration, defendant attempts to justify in his wrongful access into Ms. Nadkarni's private e-mail account by testifying:

> "I had no choice, in sheer panic and desperation I tried to access the e-mail accounts which I had myself set up for the Petitioner and my son several years ago, to see if I had missed any emails from her regarding her international travel plans. Their email addresses are penmealine@yahoo.com and nneil2003@yahoo.com and Petitioner has since changed her password."

Exhibit "A" p. 2.

Later in the same declaration, defendant implicitly threatens to expose other personal information from the e-mails he has wrongfully accessed, including potential harm to unidentified third-parties, stating:

> "I have procured more evidence from the above-mentioned email accounts, which could be considered inflammatory and sensitive to certain others. I have no intention to share these emails other than as evidence in future legal proceedings."

Exhibit A, p. 4-5.

Upon review of his declaration, plaintiff sought advice from counsel, which led directly to this application.

**MEMORANDUM OF POIINTS AND AUTHORITY IN SUPPORT OF APPLICATION**

    **A.**    **Legal Standard For Granting TRO Under The Stored Communications Privacy Act.**

Federal Rule of Civil Procedure 65 (b) grants this Court the authority to issue a TRO, including without written notice in appropriate circumstances. Further, the Stored Communications Privacy Act provides that injunctive relief is an appropriate remedy for a

**EX PARTE TRO APPLICATION**

1  violation of the statute, stating:

2  In a civil action under this section, appropriate relief includes-

3  (1) such preliminary and other equitable or declaratory relief as may be
4  appropriate;

5  (2) damages under subsection (c); and

6  (3) reasonable attorney's fee and other litigation costs reasonably incurred.

7  18 U.S.C. 2707(b).

8  The standards for granting a temporary restraining order are well-established. To qualify for a restraining order, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tip sharply in the moving party's favor. *Dumas v. Gommerman,* 865 F.2d 1093, 1095 (9th Cir.1989); *Apple Computer Inc. v. Formula Int'l, Inc.,* 725 F.2d 521, 525 (9th Cir.1984). These standards are not treated as two distinct tests, but rather as "the opposite ends of a single 'continuum in which the required showing of harm varies inversely with the required showing of meritoriousness.' " *Rodeo Collection, Ltd. v. West Seventh,* 812 F.2d 1215, 1217 (9th Cir.1987) (quoting *San Diego Comm. Against Registration And The Draft v. Governing Bd. of Grossmont Union High School Dist.,* 790 F.2d 1471, 1473 n. 3 (9th Cir.1986)); *see also Dumas,* 865 F.2d at 1095.

Additionally, the Ninth Circuit has relaxed the standard for obtaining injunctive relief where a statute expressly authorizes the court to grant injunctive relief. *See, e.g., Trailer Train Co. v. State Board of Equalization,* 697 F.2d 860, 869 (9th Cir.1983) ("The standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief").

As explained in the declaration of Stephen Usoz, attorney of record for plaintiff, given the record in the family law case and the contentious nature of that action, and defendant's continuing conduct in the matter, this is a case where the TRO should issue without opportunity for the defendant to be heard.

**EX PARTE TRO APPLICATION**

**B. Plaintiff Has Established That A TRO Should Issue Because of Defendant's Violation of The Stored Communications Privacy Act.**

The Stored Communications Privacy Act provides a cause of action against any party who "intentionally accesses without authorization a facility through which an electronic communication service is provided ... and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage." 18 U.S.C. §§ 2701(a)(1), 2707(a). "[E]lectronic storage" means either "temporary, intermediate storage ... incidental to ... electronic transmission," or "storage ... for purposes of backup protection." *Id.* § 2510(17).

This Act has been broadly construed by the Courts to protect individual's privacy. For example, in *Theofel v. Farey Jones* (2003) 341 F.3d 978, the Ninth Circuit reversed a trial court's dismissal of a case brought under the Act based on an internet service provider granting access to customer e-mails based on a invalid subpoena served by the defendants. Specifically the Court held:

> Permission to access a stored communication does not constitute valid authorization if it would not defeat a trespass claim in analogous circumstances. Section 2701(c)(1) therefore provides no refuge for a defendant who procures consent by exploiting a known mistake that relates to the essential nature of his access.

*Id.* at 983.

Here, the defendant has admitted in a declaration that he accessed plaintiff's e-mail account without permission, acknowledging that the only reason he stopped accessing it was because the plaintiff "had changed her password." Accordingly, from the defendant's own words, there is a clear violation of the Act and those there can be no doubt that plaintiff has established that she is likely to succeed on the merits.

On the issue of irreparable harm and hardship, unless an injunction is issued, Ms. Nadkarni faces the possibility that her ex-husband will disclose her private communications to third-parties both to gain an advantage in the family law litigation, and to embarrass her and her acquaintances and colleagues as implied in defendant's declaration filed in the Superior Court

**EX PARTE TRO APPLICATION**

1  action. Further, there is no hardship to defendant being enjoined from using ill-gotten gained
2  information. Finally, it is well-established that where a statute provides for injunctive relief and
3  there is a showing of a violation of that statute, the requirement for showing irreparable harm is
4  relaxed, if not eliminated. *See United States v. Odessa Union Warehous Co-Op,* 833 F. 2d 172,
5  175 (9th Cir. 1987).

Here, the defendant has admitted his violation of federal law. His declaration consists of vindictive prose and there is a strong possibility that he will continue to use the wrongfully obtained e-mails that he has wrongfully obtained. Accordingly, an injunction should issue.

**C.   Conclusion.**

Given the evidence before the Court and purpose of the Act, plaintiff submits the Court should immediately grant plaintiff's requested relief.

Dated: September  19 , 2007                HOGAN HOLMES & USOZ LLP

/s/ Stephen J. Usoz

STEPHEN J. USOZ
LESLIE HOLMES
MARK V. BOENNIGHAUSEN

Attorneys for Plaintiff

**EX PARTE TRO APPLICATION**

-6-