NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DARSHANA NADKARNI,<br><br>      Plaintiff,<br><br>  v.<br><br>DATTAPRASANNA G. NADKARNI,<br><br>      Defendant. | Case Number C 07-4834 JF (RS)<br><br>ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER<br><br>[re: doc. no. 2] |

  Plaintiff Darshana Nadkarni seeks a temporary restraining order ("TRO") against her former husband, Defendant Dattaprasanna Nadkarni, to prevent him from disseminating her private e-mail messages. For reasons set forth below, the motion will be denied.

**I. BACKGROUND**

  Plaintiff and Defendant previously were married to each other. On June 21, 2002, Plaintiff filed a state-court petition for dissolution of the marriage. The resulting family law case has been contentious. After the parties separated, Plaintiff established a Yahoo e-mail account, through which she communicated with her attorney and conducted personal and business affairs. Plaintiff alleges that she never gave the password to this account to Defendant nor otherwise

1  gave him permission to access the account.

2      On or about August 31, 2007, Defendant filed a declaration in the family law action that
3  contained copies from private e-mails from Plaintiff's Yahoo e-mail account. Upon review of
4  this declaration, Plaintiff consulted an attorney and filed the instant federal action, alleging
5  violations of the Federal Stored Communications Privacy Act (18 U.S.C. §2701) and related
6  claims. Plaintiff also filed the instant ex-parte application for a temporary restraining order,
7  without first giving notice to Defendant.

## II.  LEGAL STANDARD

9      The standard for issuance of a temporary restraining order is the same as that for issuance
10 of a preliminary injunction. *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236
11 F.Supp.2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft
12 Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a
13 preliminary injunction must show either (1) a likelihood of success on the merits and the
14 possibility of irreparable injury, or (2) the existence of serious questions going to the merits and
15 the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-
16 02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir.
17 1984). These formulations represent two points on a sliding scale in which the required degree
18 of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402. A
19 showing of likely success on the merits gives rise to a presumption of irreparable harm in
20 copyright and trademark cases. *Triad Systems Corp. v. Southeastern Express Co.*, 64 F.3d 1330,
21 1335 (9th Cir. 1995); *International Jenson, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 827 (9th
22 Cir. 1993).

23     A temporary restraining order may be granted without notice to the adverse party *only if*
24 "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that
25 immediate and irreparable injury, loss, or damage will result to the applicant before the adverse
26 party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies
27 to the court in writing the efforts, if any, which have been made to give the notice and the reasons
28 supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Further, pursuant

1  to the local rules of this Court, an applicant for a temporary restraining order must give notice to
2  the adverse party "[u]nless relieved by order of a Judge for good cause shown." Civ. L.R. 65-
3  1(b).

### III. DISCUSSION.

Plaintiff seeks an order (1) that Defendant and anyone with whom he has acted in concert be prohibited from using or providing to any third-party any information obtained from Plaintiff's e-mail account; (2) that Defendant preserve all data on any computer or electronic devices he owns or regularly uses until Plaintiff has had an opportunity to inspect such devices for any wrongfully obtained information; and (3) that Defendant be ordered to show cause why a permanent injunction should not issue.

There is a substantial question as to whether the Court should exercise jurisdiction over this action at all in light of the fact that this case arises from a domestic dispute. *See Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986) ("Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters.") In any event, Plaintiff does not explain why she cannot or should not obtain the relief she seeks from the family court in which the action to which the e-mails pertain is pending, nor has she properly sought leave from this Court to proceed without giving notice to Defendant. Accordingly, the instant application will be denied.

IT IS SO ORDERED.

DATED: September 25, 2007

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-4834 JF (RS)
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER
(JFLC3)

1

2  This Order was served on the following persons:

3

4  Stephen J. Usoz
   Hogan Holmes & Usoz LLP
5  333 West Santa Clara St.
   Suite 800
6  San Jose, California 95113

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 07-4834 JF (RS)
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER
(JFLC3)