1  GEORGE G. BENETATOS  [SBN: 54986]
   LAW OFFICE OF GEORGE G. BENETATOS
2  244 California Street, Suite 300
   San Francisco, California 94111
3  Telephone:    (415) 398-2296
   Facsimile:    (415) 398-2290
4
   Attorney for Defendant Dattaprasanna G. Nadkarni
5

FILED

2007 DEC 26  P 3: 0

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J

6

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11  DARSHANA NADKARNI,                    )  No. C07-04834 JF
    an individual,                        )
12                                        )  ANSWER OF DEFENDANT
                   Plaintiff,             )  DATTAPRASANNA G. NADKARNI
13  vs.                                   )
                                          )
14  DATTAPRASANNA G. NADKARNI,            )
    an individual,                        )
15  _____  )

16      Defendant Dattaprasanna G. Nadkarni ("defendant") answers the Complaint of Darshana

17  Nadkarni ("plaintiff") by admitting, denying and alleging as follows:

18      1.      Responding to ¶1 of the Complaint, defendant denies all the allegations of said

19  paragraph except that defendant admits plaintiff has filed an ex parte application for a temporary

20  restraining order in conjunction with filing of the Complaint.

21      2.      Responding to ¶2 of the Complaint, defendant admits the allegations of said

22  paragraph.

23      3.      Responding to ¶3 of the Complaint, defendant admits the allegations of said

24  paragraph.

25      4.      Responding to ¶4 of the Complaint, defendant admits the allegations of said

26  paragraph.

27      5.      Responding to ¶5 of the Complaint, defendant admits the allegations of said

28  paragraph.

1    6.    Responding to ¶6 of the Complaint, defendant admits the allegations of said

2    paragraph except that defendant denies "the resulting family law case has been contentious."

3    7.    Responding to ¶7 of the Complaint, defendant denies all the allegations of said

4    paragraph except that defendant admits plaintiff used the referenced email address to

5    communicate "with her attorney, as well as conducted personal and business affairs."

6    8.    Responding to ¶8 of the Complaint, defendant admits all the allegations of said

7    paragraph except that defendant denies the emails were "private."

8    9.    Responding to ¶9 of the Complaint, defendant admits all the allegations of said

9    paragraph except that defendant denies he "[attempted] to justify ... his wrongful access and

10   [plaintiff's] private email account by testifying..."; defendant further denies his access to the

11   referenced email account was "wrongful"; defendant further denies the emails were "private."

12   10.    Responding to ¶10 of the Complaint, defendant admits all the allegations of said

13   paragraph except that defendant denies he "implicitly threatens to expose other personal

14   information from the emails he has wrongfully accessed, including potential harm to unidentified

15   third parties..."; defendant further denies he "threatened to expose" anyone; defendant further

16   denies he "wrongfully accessed" any emails; defendant further denies "threatening... potential

17   harm to unidentified third parties..."

18   11.    Responding to ¶11 of the Complaint, defendant incorporates by reference his

19   responses to ¶¶ 1-10 of the Complaint.

20   12.    Responding to ¶12 of the Complaint, defendant admits the allegations of said

21   paragraph.

22   13.    Responding to ¶13 of the Complaint, defendant admits the allegations of said

23   paragraph.

24   14.    Responding to ¶14 of the Complaint, defendant denies the allegations of said

25   paragraph.

26   15.    Responding to ¶15 of the Complaint, defendant incorporates by reference his

27   responses to ¶¶ 1-11 of the Complaint.

28

1    16.    Responding to ¶16 of the Complaint, defendant denies the allegations of said

2    paragraph.

3    17.    Responding to ¶16 of the Complaint, defendant denies the allegations of said

4    paragraph.

5    18.    Responding to ¶16 of the Complaint, defendant denies the allegations of said

6    paragraph.

7                                    AFFIRMATIVE DEFENSES

8                                    First Affirmative Defense
                                    (Failure to State a Cause of Action)
9

10    The Complaint, and each purported cause of action in it, fails to state facts sufficient to

11    constitute a cause of action against the defendant.

12                                    Second Affirmative Defense
                                    (Unclean Hands)
13

14    Defendant alleges on information and belief that plaintiff has come into Court with

15    unclean hands in that she has violated a number of rights and duties owing to defendant and

16    others and cannot now complain of the acts alleged in her Complaint.

17                                    Third Affirmative Defense
                                    (Waiver)
18

19    Without in any way acknowledging that the defendant is liable as alleged in the

20    Complaint or that such acts occurred in the manner alleged or at all, the defendant alleges that

21    plaintiff both expressly and through conduct, waived her right to complain of the conduct alleged

22    in the Complaint.

23                                    Fourth Affirmative Defense
                                    (Estoppel)
24

25    Without in any way acknowledging that the defendant is liable as alleged in the

26    Complaint or that such acts occurred in the manner alleged or at all, the defendant alleges that

27    because of plaintiff's acts and conduct, she is estopped from asserting her claims.

28

Fifth Affirmative Defense
(Doctrine of Laches)

The Complaint and each cause of action in it is barred by the doctrine of laches in that

plaintiff unreasonably delayed bringing this action and such delay caused prejudice to defendant.

Sixth Affirmative Defense
(Failure to Mitigate Damages)

Plaintiff failed and neglected to use reasonable care to protect herself and to minimize

and mitigate her losses, injuries and damages, if any.

Seventh Affirmative Defense
(Assumption of Risk)

Plaintiff assumed the risk at the time and place of the incidents referred to in the

Complaint.

Eighth Affirmative Defense
(Unwarranted Action)

Defendant alleges on information and belief that this action was not warranted by existing

law and/or was brought for an improper purpose and defendant is entitled to sanctions for

plaintiff's violation of Federal Rule of Procedure 11.

Ninth Affirmative Defense
(Consent/Ratification)

Plaintiff herself, and by and through her agent or agents, expressly and impliedly

consented to the conduct described in the Complaint, authorized defendant's and/or other's

conduct, and ratified the actions of defendant and/or others thereby barring plaintiff from

maintaining the present action against defendant.

Tenth Affirmative Defense
(Comparative and Intervening Fault)

Defendant denies that plaintiff has sustained any injury, damage or loss, by reason of any

act, error or omission by defendant. If, however, it is established that plaintiff has suffered any

injury, damage or loss, and that defendant is liable in any amount, any such injury, damage or

1  loss was proximately caused by or contributed to by the negligence or fault by the plaintiff or

2  others not named in the Complaint, and any such injury, damage or loss must be apportioned,

3  according to their comparative negligence or fault, among plaintiff and others whose negligence

4  or other improper acts caused or contributed to any such injury, damage or loss suffered by

5  plaintiff, if any.

**Eleventh Affirmative Defense**
(Insufficient Knowledge/Unstated Defenses)

8  Defendant presently has insufficient knowledge or information on which to form a belief

9  as to whether defendant may have additional, as yet unstated, defenses available. Additionally,

10  plaintiff has not pled her claims with sufficient particularity and detail to allow defendant to

11  determine all the affirmative defenses available to defendant. Defendant thus reserves the right

12  to assert additional defenses in the event discovery indicates that they would be appropriate.

**PRAYER FOR RELIEF**

14  WHEREFORE, the defendant prays for judgment against plaintiff as follows:

15  1.    That plaintiff take nothing by her Complaint, and that it be dismissed with

16  prejudice;

17  2.    That defendant be awarded costs of suit incurred in this action;

18  3.    That defendant be awarded attorney fees; and

19  4.    For such other and further relief as the court may deem just and proper.

20  LAW OFFICE OF GEORGE G. BENETATOS

22  Dated: December 20, 2007

GEORGE G. BENETATOS
Attorney for Defendant
Dattaprasanna G. Nadkarni

1

## PROOF OF SERVICE

2

The undersigned hereby declares/certifies as follows:

3

_____ I am:  a resident of or employed in the City and County of San Francisco, California, over 18 years of age, and not a party to the within cause, whose business address is:

4

244 California Street, Suite 300, San Francisco, CA  94111.

5

\_\_X\_\_\_ I am:  an active member of the State Bar of California, whose business address is: 244 California Street, Suite 300, San Francisco, CA  94111.

6

7

On the date hereon I served the following document(s) described as:

8

ANSWER OF DEFENDANT DATTAPRASANNA G. NADKARNI

9

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

10

11

Stephen J. Usoz, Esq.
Hogan Holmes & Usoz, LLP
333 W. Santa Clara St., Suite 800

12

San Jose, CA 95113
*fax:  408.292.7611

13

\_\_X\_\_\_ (BY MAIL) I placed such envelopes with postage thereon fully prepaid in the United

14

States mail at San Francisco, California.

15

_____ (BY PERSONAL SERVICE) I personally delivered such envelopes to the above addresses.

16

\_\_X\_\_\_ (BY FAX) I transmitted by facsimile copying machine a true copy thereof to the fax

17

number(s) as shown above as *fax for facsimile copy transmission of the parties/persons/firms listed above.

18

Executed on December 21, 2007, at San Francisco, California.

19

\_\_X\_\_\_ (STATE) I declare under penalty of perjury under the laws of the State of California that

20

the above is true and correct.

\_\_X\_\_\_ (FEDERAL) I declare that I am employed in the office of a member of the bar of this

21

court at whose direction the service was made.

22

\_\_GEORGE G. BENETATOS_____

23

PRINT NAME                              SIGNATURE

24

25

26

27

28