1  STEPHEN J. USOZ, SB# 189095
   YAMIN T. MAUNG, SB # 253538
2  HOGAN HOLMES & USOZ LLP
   333 West Santa Clara St., Suite 800
3  San Jose, California 95113
   Telephone: 408-292-7600
4
5  Attorneys for Plaintiff DARSHANA NADKARNI

6  GEORGE G. BENETATOS, SB# 54986
   LAW OFFICE OF GEORGE G. BENETATOS
7  244 California Street, Suite 300
   San Francisco, California 94111

8  Attorney for Defendant DATTAPRASANNA NADKARNI

9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13
   DARSHANA NADKARNI,                   Case No.: C07 04834 JF
14  an individual,
                                        **JOINT CASE MANAGEMENT**
15         Plaintiff,                   **CONFERENCE STATEMENT**

16  v.
                                        **Date:** March 21, 2008
17  DATTAPRASANNA G. NADKARNI.          **Time:** 10:30 a.m.
                                        **Judge:** Honorable Jeremy D. Fogle
18         Defendants.

19

20         The parties hereby submit the following Joint Case Management Conference Statement

21  pursuant to Civil Local Rule 16-9 and request the court adopt it as its Joint Case Management

22  Order.

23         1.    Jurisdiction and Service:

24                This matter was brought in the United States District Court on September 20, 2007.

25  The Federal Court has jurisdiction of this action under 28 U.S.C. 1331, 1338(a), and (b) and this

26  Court's pendant jurisdiction. Venue is proper in this district under 28 U.S.C. 1391 and 1400(a).

27                All parties have been served.

28

JOINT CASE MANAGEMENT STATEMENT
Case No. C07 04834 JF

1       2.      Facts:

2               Plaintiff and defendant were previously married. On June 21, 2002, Ms. Nadkarni filed

3       for divorce from defendant. The resulting family law case has been contentious.

4               Plaintiff contends that after she and defendant separated, she established a Yahoo! e-mail

5       account with the following e-mail address: penmealine@yahoo.com  She further contends that this

6       e-mail was her personal e-mail account, through which she communicated with her attorney, as well

7       as conducted personal and business affairs.  Plaintiff also contends that did not give the defendant

8       her password to this account or give defendant permission to access this account.

9               On or about August 31, 2007, defendant filed a declaration in the Family Law Action which

10      contained copies of private e-mails from plaintiff's yahoo e-mail account.  Plaintiff contends that

11      access to her email account was wrongful and without permission, and inclusion of her private emails

12      as exhibits to defendant's declaration was likewise wrongful and without permission.

13              Defendant disputes plaintiff's contentions.  He contends he created the email account known

14      as penmealine@yahoo.com jointly with plaintiff.  Defendant contends that both parties selected the

15      name penmealine@yahoo.com        and both parties selected the pass code "zanymail." He

16      contends the principle purpose of the account was for plaintiff to communicate information to

17      defendant concerning the children and to serve as a backup for such information.  Defendant also

18      contends that plaintiff knew and agreed that defendant could access the account anytime using the

19      pass code "zanymail."

20              Disputed Factual Issues:

21              Whether the account was created by plaintiff exclusively for her use, or whether the

22      account was jointly created by plaintiff and defendant for their mutual use;

23              Whether the plaintiff understood and agreed that defendant could access the account

24      at anytime using the "zanymail" pass code;

25              Whether plaintiff suffered damage as a result of the defendant's access to the account,

26      publication of information obtained from the account in a legal filing, and other use of information

27      obtained from the account.

28

1      3.      <u>Legal Issues</u>:

2              Whether the cited US code sections were violated by the defendant;

3              Whether or not the defendant's use of the information was privileged.

4      4.      <u>Motions</u>:

5              Plaintiff sought, *ex parte,* a temporary retraining order and order to show cause seeking

6 to keep defendant from accessing, utilizing and/or otherwise disseminating the information contained

7 on the e-mail account at issue.  The Court declined this request.

8              At this time, plaintiff is not aware of any motions which may be filed in this action.

9      5.      <u>Amendments of Pleadings</u>:

10            There have been no amendments of pleadings.

11     6.      <u>Evidence Preservation</u>:

12           Plaintiff has taken steps necessary to preserve all evidence which she is aware; likewise

13 defendant.

14     7.      <u>Disclosures</u>:

15           No Initial Disclosures have been made as of the date of the filing of this Case

16 Management Statement.  The matter just became at-issue with the filing of the Answer by defendant

17 in late December, 2007.  Plaintiff anticipates completing her Initial Disclosures within the next thirty

18 (30) days; likewise defendant.

19     8.      <u>Discovery</u>:

20           No discovery has been conducted to date.  The parties will initiate discovery after

21 completion of the Initial Disclosures.  Plaintiff believes that the discovery rules should govern;

22 likewise defendant.

23           Document Requests:  Unlimited document production requests are appropriate so

24 long as the requests are narrowly tailored.

25            Interrogatories:     20 interrogatories per side.

26            Depositions:        4 depositions per side unless a showing of good cause is made

27 for additional depositions.

28

1        Admissions:            20 admissions per side.

2        Fact Discovery Cut-off        June 27, 2008

3        Expert Witness Disclosure    August 1, 2008

4        Rebuttal Expert Disclosure    August 22, 2008

5        Expert Discovery Cut-off    September 19, 2008

6    9.    Class Action:

7        This is not a class action case.

8    10.    Related Cases:

9        There was a case pending in the Family Court at Santa Clara County Superior Court.

10    The case number is 102FL107415. On March 5, 2008, plaintiff's request under the DVPA for an

11    order restraining defendant from use of the information obtained from the penmealine@yahoo.com

12    account for certain purposes was dismissed pursuant to defendant's motion for judgment on the

13    pleadings.

14    11.    Relief:

15        Plaintiff seeks to enjoin the defendant and all other persons in active concert or privity

16    with him, preliminarily and permanently from directly or indirectly violating her rights to privacy and

17    that all wrongfully obtained information obtained by defendant be returned and/or destroyed.

18        In addition, plaintiff seeks punitive damages against defendant for his wrongful and

19    intentional conduct along with reimbursement for her costs and attorneys fees.

20    12.    Settlement and ADR:

21        Plaintiff believes this matter is appropriate for Early Neutral Evaluation; likewise

22    Defendant. The parties attended a mediation conference on February 27, 2008, before Honorable

23    Judge Sprinkles (Ret.) for approximately four hours. Settlement did not occur. Further mediation

24    may occur.

25    13.    Consent to Magistrate Judge:

26        Plaintiff does not consent to the hearing by a Magistrate Judge; likewise defendant.

27    14.    Other References:

28

1    Plaintiff does not believe that any reference is appropriate in this matter; likewise

2 defendant.

3    15.    Narrowing of Issues:

4    Plaintiff is not aware of the ability to narrow any of the issues presented in this matter;

5 likewise Defendant.

6    16.    Expedited Schedule:

7    Plaintiff does not believe that this matter can be expedited; likewise defendant.

8    17.    Scheduling:

9    Please see the discovery schedule set forth above. Plaintiff believes that it would be

10 appropriate for all dispositive motions to be heard no later than October 24, 2008, with a Pre-Trial

11 Conference to take place November 14, 2008 and Trial to commence on December 1, 2008; likewise

12 defendant.

13    18.    Trial:

14    Plaintiff demanded a trial by jury. Plaintiff anticipates that it will need three (3) to

15 five (5) days to put on its case.

16    19.    Disclosure of Non-party Interested Entities or Persons:

17    Plaintiff is not aware of any non-party interested entities or persons; likewise

18 defendant.

19

20 Dated: March 7, 2008                     HOGAN HOLMES & USOZ LLP

21

22                                          S/

23                                          STEPHEN J. USOZ
                                            Attorney for Plaintiff

24

25 Dated: March 7, 2008                     LAW OFFICE OF GEORGE G. BENETATOS

26

27                                          S/
                                            GEORGE G. BENETATOS
28                                          Attorney for Defendant

JOINT CASE MANAGEMENT STATEMENT
Case No. C07 04834 JF                     5