STEPHEN J. USOZ, SB# 189095
LESLIE HOLMES, SB# 192608
YAMIN T. MAUNG, SB# 253538
HOGAN HOLMES & USOZ LLP
333 West Santa Clara St., Suite 800
San Jose, California 95113
Telephone: 408-292-7600
Fax: 408-292-7611

Attorneys for Plaintiff
DARSHANA NADKARNI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DARSHANA NADKARNI, an individual, Plaintiff, v. DATTAPRASANNA G. NADKARNI, an individual, Defendant. | CASE NO. C07-04834 JF<br><br>PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

**APPLICATION FOR TRO**

This Application for Temporary Restraining Order ("TRO") is necessary because defendant Dattaprasanna G. Nadkarni ("defendant" or "Mr. Nadkarni") has admitted in a declaration filed in Santa Clara Superior Court family law matter, case number 1-02-FL-107415, that he accessed, without permission, the e-mail of his ex-wife, plaintiff Darshana Nadkarni ("plaintiff or "Ms. Nadkarni.").

Defendant has already used this wrongfully obtained information to his benefit in the Family Law matter and has implicitly threatened to use this wrongfully gained information to possibly embarrass third-parties and/or plaintiff in her business and within her cultural community.

Defendant's unlawful access into plaintiff's e-mail account is a clear violation of the Federal Stored Communications Privacy Act (18 U.S.C. § 2701 *et. seq.*), a statute which specifically provides for injunctive relief. *See* 18 U.S.C. § 2707 (b).

It is also evident that Ms. Nadkarni is likely to prevail on the merits, will suffer irreparable harm if the injunction does not issue, and that the relative hardships tip squarely in her favor pursuant to the well-established TRO standards articulated by the Ninth Circuit, particularly in a situation, such as this, where the federal statute at issue calls for injunctive relief.

Accordingly, plaintiff requests the following TRO be issued:

(1) That defendant and anyone with whom he has acted in concert with, be prohibited from using or providing to any third-party any information he obtained from plaintiff's e-mail account;

(2) That defendant preserve all data on any computer and or electronic devices he owns or regularly uses until plaintiff has had an opportunity to inspect such devices for any wrongfully obtained information; and

(3) Defendant be ordered to show cause why a permanent injunction should not issue as set forth above.

## FACTUAL BACKGROUND

Plaintiff and defendant were previously married. On June 21, 2002, Ms. Nadkarni filed for divorce from defendant, which was finalized in May 2005. The resulting family law case has been contentious.

After plaintiff and defendant separated in 1999, Ms. Nadkarni established a Yahoo! e-mail account with the following e-mail address: penmealine@yahoo.com. Declaration of

1  Darshana Nadkarni ("Nadkarni Dec."), ¶ 3, Exhibit A.  This e-mail was Ms. Nadkarni's personal
2  e-mail account, through which she communicated with her attorney, as well as conducted
3  personal and business affairs.  Nadkarni Dec., ¶ 3.  At no time did Ms. Nadkarni give the
4  defendant her password or give him permission to access this account.  Nadkarni Dec., ¶ 4.
5     On or about August 31, 2007, defendant filed a declaration in the Family Law Action
6  which contained copies from private e-mails from Ms. Nadkarni's yahoo e-mail account.
7  Nadkarni Dec., ¶ 5, Exhibit C.  In this declaration, defendant attempts to justify in his wrongful
8  access into Ms. Nadkarni's private e-mail account by testifying:

> "I had no choice, in sheer panic and desperation I tried to access the e-mail accounts which I had myself set up for the Petitioner and my son several years ago, to see if I had missed any emails from her regarding her international travel plans.  Their email addresses are penmealine@yahoo.com and nneil2003@yahoo.com and Petitioner has since changed her password."

Nadkarni Dec., ¶ 5, Exhibit C p. 2.

Later in the same declaration, defendant implicitly threatens to expose other personal information from e-mails he wrongfully obtained, including potential harm to unidentified third-parties, stating:

> "I have procured more evidence from the above-mentioned email accounts, which could be considered inflammatory and sensitive to certain others.  I have no intention to share these emails other than as evidence in future legal proceedings."

Nadkarni Dec., ¶ 6, Exhibit C p. 4-5.

Defendant has, in fact, already used some of the information obtained through the unlawful access of Ms. Nadkarni's email account in the Family Law matter. Nadkarni Dec., ¶ 7.

On or about September 20, 2007, Ms. Nadkarni applied for an ex parte application for a TRO in Federal Court based on defendant's violations of federal Stored Communications Privacy Act (18 U.S.C. § 2701 *et. seq.*).

1  On or about September 25, 2008, this court denied her ex parte application, because it
2  was not explained in her pleadings as to why she could not obtain the relief she sought from the
3  Family Court nor had she properly sought leave to proceed without giving notice to the
4  defendant.
5  On or about October 17, 2008, Ms. Nadkarni applied for an ex parte application for a
6  TRO with the Family Court, giving proper notice to defendant. It was made on the basis that
7  defendant's unlawful access into Ms. Nadkarni's personal email account was a continuation of
8  the domestic violence he inflicted upon her throughout their marriage. The Family Court granted
9  a TRO and a long cause hearing date was set for March 5, 2008, for a permanent injunction.
10  On or about March 5, 2008, the Family Court denied Ms. Nadkarni her hearing and
11  summarily dismissed the case, stating that, while the complained of conduct might be "very well
12  illegal", it does not fall under the Domestic Violence Prevention Act. Declaration of Stephen J.
13  Usoz ("Usoz Dec."), ¶ 4, Exhibit A. No findings of facts were made. Usoz Dec., ¶ 4.
14  On or about March 24, 2008, defendant phoned Ms. Nadkarni and told her that if she
15  "Googled" her name, she would find all of her private and personal emails posted on the internet.
16  Nadkarni Dec., ¶ 10. Defendant claimed that everybody would be able to see her emails as a
17  consequence of her attorneys filing this lawsuit against him. Nadkarni Dec., ¶ 10. Ms. Nadkarni
18  spent hours searching for these emails, but none of them have been posted online. Nadkarni
19  Dec., ¶ 10. This event highlights the fact that she is currently not protected by any orders
20  restraining defendant from using information he obtained through the unlawful access of her
21  email account to threaten, scare, and humiliate her. If a TRO is not granted, Ms. Nadkarni faces
22  threatened or actual ruin to her reputation in both her business and cultural communities.

**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF APPLICATION**

**A. Legal Standard For Granting TRO Under The Stored Communications Privacy Act.**

The Stored Communications Privacy Act provides a cause of action against any party who "intentionally accesses without authorization a facility through which an electronic communication service is provided ... and thereby obtains, alters, or prevents authorized access

to a wire or electronic communication while it is in electronic storage." 18 U.S.C. §§ 2701(a)(1), 2707(a). "[E]lectronic storage" means either "temporary, intermediate storage ... incidental to ... electronic transmission," or "storage ... for purposes of backup protection." *Id.* § 2510(17). This Act has been broadly construed by the Courts to protect individual's privacy. *Theofel v. Farey Jones* (2003) 341 F.3d 978.

In addition to the authority to issue a TRO granted to this Court by the Federal Rule of Civil Procedure 65 (b), the Stored Communications Privacy Act provides that injunctive relief is an appropriate remedy for a violation of the statute, stating:

> In a civil action under this section, appropriate relief includes-
>
> (1) such preliminary and other equitable or declaratory relief as may be appropriate;
>
> (2) damages under subsection (c); and
>
> (3) reasonable attorney's fee and other litigation costs reasonably incurred.

18 U.S.C. 2707(b).

The standards for granting a TRO are well-established. To qualify for a TRO, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tip sharply in the moving party's favor. *Dumas v. Gommerman*, 865 F.2d 1093, 1095 (9th Cir.1989); *Apple Computer Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 525 (9th Cir.1984). These standards are not treated as two distinct tests, but rather as "the opposite ends of a single 'continuum in which the required showing of harm varies inversely with the required showing of meritoriousness.' " *Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1217 (9th Cir.1987) (quoting *San Diego Comm. Against Registration And The Draft v. Governing Bd. of Grossmont Union High School Dist.*, 790 F.2d 1471, 1473 n. 3 (9th Cir.1986)); *see also Dumas*, 865 F.2d at 1095.

Additionally, the Ninth Circuit has relaxed the standard for obtaining injunctive relief where a statute expressly authorizes the court to grant injunctive relief. *See, e.g., Trailer Train Co. v. State Board of Equalization*, 697 F.2d 860, 869 (9th Cir.1983) ("The standard requirements for

equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief").

It is clear that a temporary restraining order should be granted in this case. Defendant himself has admitted to accessing Ms. Nadkarni's email account without her knowledge or permission. Nadkarni Dec., ¶ 5, Exhibit C, p. 2. Accordingly, from the defendant's own words, there is a clear violation of the Act and there can be no doubt that plaintiff has established that she is likely to succeed on the merits. Further, he has published private and personal emails between Ms. Nadkarni and her Family Law attorney regarding case strategy, and has made use of the information he obtained from these emails to subpoena Ms. Nadkarni's mother's trustees in the Family Law matter. Nadkarni Dec., ¶ 7. Defendant has already caused irreparable harm to Ms. Nadkarni with the information he obtained unlawfully from Ms. Nadkarni's email account, and will continue to cause irreparable harm if a restraining order is not issued. Nadkarni Dec., ¶ 5 - 10.

The balance of the hardships is in Ms. Nadkarni's favor. If a restraining order is not issued, she will suffer irreparable loss to her reputation within her business and cultural communities. Defendant, on the other hand, will not suffer any harm at all if a restraining order is issued, as there can be no hardship from being enjoined from using ill-gotten gained information. It is also well-established that where a statute provides for injunctive relief and there is a showing of a violation of that statute, the requirement for showing irreparable harm is relaxed, if not eliminated. *See United States v. Odessa Union Warehouse Co-Op,* 833 F. 2d 172, 175 (9th Cir. 1987).

In summary, Ms. Nadkarni has not been able to obtain relief through Family Court in this matter, not because her case lacked merit, but because the Family Court judge ruled that this type of behavior, while illegal, does not fall within the parameters of the California Domestic Violence Statute. The defendant has admitted his violation of federal law. His declaration consists of vindictive prose and there is a strong possibility that he will continue to use the emails that he has unlawfully obtained. Accordingly, an injunction should issue.

////

**B. Conclusion.**

Given the evidence before the Court and purpose of the Act, plaintiff submits the Court should grant plaintiff's requested relief.

Dated: May 8, 2008

HOGAN HOLMES & USOZ LLP

_____
STEPHEN J. USOZ
LESLIE HOLMES
YAMIN T. MAUNG

Attorneys for Plaintiff