1  STEPHEN J. USOZ, SB# 189095
   LESLIE HOLMES, SB# 192608
2  YAMIN T. MAUNG, SB# 253538
3  HOGAN HOLMES & USOZ LLP
   333 West Santa Clara St., Suite 800
4  San Jose, California 95113
   Telephone: 408-292-7600
5  Fax:  408-292-7611

6

7  Attorneys for Plaintiff
   DARSHANA NADKARNI

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12  DARSHANA NADKARNI,                    CASE NO.  C07-04834 JF
    an individual,
13                                        DECLARATION OF DARSHANA
                   Plaintiff,             NADKARNI IN SUPPORT OF PLAINTIFF'S
14        v.                              MOTION FOR A TEMPORARY
                                          RESTRAINING ORDER
15  DATTAPRASANNA G. NADKARNI,
    an individual,
16

17                 Defendant.

18

19

20

21

22  I, Darshana Nadkarni, declare as follows:

23  1.    I make this declaration based upon my own personal knowledge and upon information

24  and belief, and as to those matters; I believe them to be true.  If called as a witness, I could

25  competently testify as to the matters set forth herein.

26  2.    I am the Plaintiff in this action and was previously married to the Defendant,

27  Dattaprasanna G. Nadkarni. I filed for divorce from the Defendant on June 21, 2002. While the

28  divorce has been final since May 2005, there have been continuing contentious issues

                                    1

DECLARATION OF PLAINTIFF IN SUPPORT                              C07-04834 JF
MOTION FOR A TRO

1    throughout the family law proceedings caused by Defendant.

2    3.    After separation, I created a Yahoo! email account: penmealine@yahoo.com.  I have

3    used this email account for personal and professional business.  A true and correct copy of the

4    Yahoo! Account Management Tool for this account is attached hereto as Exhibit A.  This email

5    account has been used all times herein referred to for the following purposes:

6        a.  To communicate with my family law attorney, Tammara Bloom, on this case.  I

7            discussed strategies and my vulnerabilities during the time period herein referred

8            to;

9        b.  To communicate professionally with clients.  I am a consultant, providing both

10           executive search services and employment counseling.  Accordingly, my email

11           included highly sensitive third-party information.  I facilitate trainings developed

12           by parent companies as a sub-contractor using proprietary information developed

13           by the parent companies.  This information was contained in and stored on my

14           email account at all times herein referred to.  Furthermore, information of special

15           and customized workshops I had developed for companies upon their request

16           that addressed their particular challenges was contained in this email account,

17           both in storage and email communication.  A particular note is that the third-

18           party customer companies and the potential job candidates and their information

19           is predominantly outside of the State of California, which translates into

20           interstate commerce;

21       c.  To store my financial records as my financial statements normally did go into my

22           email correspondence from the financial institutions;

23       d.  To store the medical record information on my mother's medical condition and

24           communicate on her medical condition with family members;

25       e.  To store my mother's financial information, including tax records, account

26           numbers, social security number, details of her holdings including my mother's

27           trust, and related third party references for these institutions and trust;

28       f.  To communicate with third parties regarding my mother's financial holdings,

2

DECLARATION OF PLAINTIFF IN SUPPORT
MOTION FOR A TRO

C07-04834 JF

including investment strategies with financial advisors. This includes detailed discussions between my family members and the trustees on the proper division of assets from the inheritance left by my father in an offshore trust for the family.

g. To communicate with third parties on recruitment of candidates for job positions with parent companies, including but not limited to proprietary information from the companies and personal resumes from candidates with confidential identification information. My recruitment business includes my working with potential job candidates who have stressed in their communication with me that their looking for other opportunities is to remain a closely guarded secret. I also have completed detailed reference searches on potential candidates utilizing this email account. Occasionally, sensitive information has been revealed within these communications by third parties, with "off the record" comments. This information is public knowledge.

h. To communicate in the form of a report to the potential employer on my own impression regarding a candidate. This report would not be public knowledge.

4.    I never authorized or gave permission to Defendant or third parties for the use of the account or allowed them access to the password for this account.

5.    In late August 2007, I became aware that my husband had filed with Santa Clara Superior Court his Objections to the Recommended Order of the Court Per an Assessment and he attached my personal email messages from my Yahoo! Account to that document.

Attached is Exhibit "B" to this declaration a true and correct copy of the Objections, *"FILED CONDITIONALLY UNDER SEAL PENDING COURT ORDER"*.

I was shocked to discover that Defendant had accessed my email account and that he had attached my email messages to this document. On August 31, 2007, he filed a Supplemental Declaration attaching more email from my account, including communications with my family law attorney, Tammara Bloom.

Attached as Exhibit "C" to this Declaration is a true and correct copy of the Supplemental Declaration filed by my ex-husband *"FILED CONDITIONALLY UNDER*

3

DECLARATION OF PLAINTIFF IN SUPPORT
MOTION FOR A TRO

C07-04834 JF

1   *SEAL PENDING COURT ORDER".*

2   6.      I am also quite disturbed by Defendant's statement in the declaration: **"that I have**

3   **procured more evidence from the above-mentioned email accounts, which could be**

4   **considered inflammatory and sensitive to certain others. I have no intention to share these**

5   **emails other than as evidence in future legal proceedings."** [Bold emphasis added]. Given

6   that the information was in my email account, I believe this statement is a direct threat that

7   unless I succumb to his demands in the family law case, he will interfere and directly impact my

8   business relationships. I also believe he will file my personal emails in the family court action

9   in order to embarrass me, and to injure my relationships with my family members and third-

10  parties, including professional clients.

11  7.      I am further aware and informed that Defendant has already made use of information

12  illegally obtained through his access to my email account by issuing subpoenas in this case

13  naming third parties, which were referenced only in my email account. These third parties

14  include business contacts and trustees of my mother's trust.

15  8.      Defendant has harassed and cyber-stalked me in an effort to destroy my business

16  reputation and intimidate me. Defendant has admitted to committing the crime(s) in his own

17  declaration and has utilized the information obtained by accessing my account to gain his

18  objectives.

19  9.      Defendant has told others that he knew which social events I would be attending within

20  the past three months. I was unable to determine the methodology as to how Defendant became

21  aware of my schedule until learning of his access to my email account. While Defendant was

22  charged and convicted in 1999 for perpetrating domestic violence against me, domestic violence

23  has been present throughout our marriage. His knowledge of my attendance at these activities

24  has caused me fear for my safety based on his prior treatment of me during our marriage.

25  10.     On or about March 24, 2008, Defendant called me to inform me that if I "Googled" my

26  name, I would find all of my private and personal emails posted on the internet. He claimed

27  that it was because my attorneys had filed this lawsuit against him. I spent most of the day and

28  night looking online to see if this was true, and worrying about the ramifications of pursuing

4

DECLARATION OF PLAINTIFF IN SUPPORT                                    C07-04834 JF
MOTION FOR A TRO

1    this lawsuit.

2    11.    The exhibits containing my email and filed by Defendant with this Court have been

3    obtained illegally, and the methods used to obtain these exhibits have violated State and Federal

4    statutes. I request that the Court seal these particular exhibits. Should the Defendant attempt to

5    file additional email that is mine, I would request an ongoing order that seals those email

6    exhibits also. This request is narrowly tailored to seal only my email should it be submitted to

7    this Court for filing.

8    12.    I request that the Defendant be ordered to pay for all my associated attorney fees and

9    costs for this particular issue.

10    13.    A temporary restraining order for personal conduct restriction pending a hearing on

11    the permanent five year restraining order is requested to protect me from Defendant as follows:

12          (1)    Defendant shall not engage in any behavior that has been or could be
          enjoined such as blackmail, slander, stalking, threatening, harassing, and disturbing the
13        peace of the Plaintiff or third parties through the use of personal information accessed
          through Plaintiff's email;
14

15          (2)    Defendant is prohibited from using, delivering, distributing, printing,
          copying, or disclosing the message or content of Plaintiff's email account to others;
16

17          (3)    Defendant shall deliver to Plaintiff's attorney within three (3) days of service
          of this order all electronically downloaded media accessed from Plaintiff's email
18        account.

19          (4)    Defendant shall deliver to Plaintiff's attorney within (3) business days of
          service of this order all hardcopies of any and all information accessed through
20        Plaintiff's email account;

21          (5)    Defendant shall deliver to Plaintiff's attorney within three (3) business days of
          service of this order the identities of all third parties to whom Defendant has provided
22        copies of or access to information obtained through Plaintiff's email account;
23

24          (6)    Defendant or third parties under his supervision, shall not access, attempt to
          access, or otherwise interfere with Plaintiff's internet service provider accounts,
25        including but not limited to email accounts.

26    //////////

27    //////////

28    //////////

DECLARATION OF PLAINTIFF IN SUPPORT                                C07-04834 JF
MOTION FOR A TRO

1  I Declare Under Penalty of Perjury under that laws of the United States that the foregoing

2  is true and correct and that this was executed on this 8th day of May, 2008, at San Jose,

3  California.

4

5

6  DARSHANA NADKARNI
   Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF PLAINTIFF IN SUPPORT
MOTION FOR A TRO                                                C07-04834 JF

# EXHIBIT

## "A"

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

| | | |
|---|---|---|
| Darshana Nadkarni, | ) | Case No. 1-02-FL107415 |
| Plaintiff, | ) | |
| | ) | **DECLARATION OF** |
| v. | ) | **JULIA ALBERT** |
| Dattaprasanna G. Nadkarni, | ) | |
| Defendant. | ) | |
| | ) | |

I, Julia Albert, declare:

1.  I am a Custodian of Records for Yahoo! Inc. ("Yahoo!"), located in Sunnyvale, California. I am authorized to submit this declaration on behalf of Yahoo!. I make this declaration pursuant to the California Code of Evidence Section 1561 and in response to a Subpoena dated November 21, 2007. I have personal knowledge of the following facts, except as noted, and could testify competently thereto if called as a witness.

2.  Attached hereto are true and correct copies of the following documents: 1) the User Profile, as produced by the Yahoo! Account Management Tool. Yahoo!'s servers record this data automatically at the time, or reasonably soon after, it is entered or transmitted, and this data is kept in the course of this regularly conducted activity and was made by regularly conducted activity as a regular practice. Yahoo! provides most of its services to its subscribers free of charge. As

1

1    such, Yahoo! does not collect billing information or verified personal information

2    from the majority of its users.

3

4    3.    Pursuant to the federal Electronic Communications Privacy Act, 18 U.S.C. §§

5    2701, et seq., we have redacted information, including removing certain data

6    fields, that exceeds the scope of this request, is protected from disclosure or is

7    otherwise not subject to production.

8

9    I declare under penalty of perjury under the laws of the State of California that the

10    foregoing is true and correct.

11

12    DATED: _February 7, 2008_____          _____

13                                                                      Julia Albert

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                    2

28





December 1, 2007

*Via U.S. Mail and Facsimile*
408-292-7611

Stephen J. Usoz
Hogan Holmes & Usoz LLP
333 W. Santa Clara Street, Suite 800
San Jose, CA 95113

        Re:    Darshana Nadkarni v. Dattaprasanna Nadkarni
               Superior Court of California, County of Santa Clara, Case No. 1-02-FL107415
               (Internal Reference Number #90694)

Dear Mr. Usoz:

Pursuant to the Subpoena issued in the above-referenced matter on, November 21, 2007, we conducted a diligent search for documents and information accessible on Yahoo!'s systems that are related to the identity of users specified in the Subpoena. Our response is made in accordance with state and federal law, including the Electronic Communications Privacy Act, and does not include any contents of communication or otherwise protected information. *See* 18 U.S.C. § 2701 *et seq.* By this response, Yahoo! does not waive any objection to further proceedings in this matter.

Enclosed is the following information regarding the user accounts specified in the Subpoena: 1) the User Profile, as produced by the Yahoo! Account Management Tool.

To the extent any document provided herein contain information exceeding the scope of your request, protected from disclosure or is otherwise not subject to production, if at all, we have redacted such information or removed such data fields. Because Yahoo! offers many of its user services for free, it may not require or verify user information.

Yahoo! requests reimbursement in the amount of $75.00 for the reasonable costs incurred in processing your request, including searching for records, reproduction and delivery costs. Please direct payment to Yahoo! Custodian of Records, 701 First Avenue, Sunnyvale, Ca 94089. Please write the Internal Reference Number (listed above) on your check. The federal tax ID number for Yahoo! is 77-0398689.

Please do not hesitate to contact me, should you have any questions.

Very truly yours,

Julia Albert
Compliance Case Assistant
(408) 349-5293

Enclosures



701 First Avenue • Sunnyvale, CA 94089 • phone 408 349-3300 • fax 408 349-3301          yahoo.com

# YAHOO! ACCOUNT MANAGEMENT TOOL

| | |
|---|---|
| Login Name: | **penmealine** |
| Yahoo Mail Name: | **penmealine@yahoo.com** |
| (Alternate) Email Address: | **wd_darshana@hotmail.com** |
| Registration IP address: | **204.30.36.73** |
| Account Created (reg): | **Fri Aug 24 04:45:08 2001 GMT** |
| Other Identities: | **penmealine (Yahoo! Mail)** |
| Full Name | **Ms** |
| Address1: | **7199 Galli Court, #4** |
| Address2: | |
| City: | **San Jose** |
| State, territory or province: | **CA** |
| Country: | **United States** |
| Zip/Postal Code: | **95129** |
| Phone: | |
| Time Zone: | **pt** |
| Birthday: | **January 19, 1959** |
| Gender: | **Female** |
| Occupation: | **Self-Employed/Own Company** |
| Business Name: | |
| Business Address: | |
| Business City: | |
| Business State: | |
| Business Country: | **us** |
| Business Zip: | |
| Business Phone: | |
| Business Email: | |
| Additional IP Addresses: | **Mon Sep 10 16:17:44 2007 GMT  67.124.90.185** |
| | **Tue Aug 21 02:29:43 2007 GMT  68.122.125.71** |
| | **Sat Aug 18 19:09:32 2007 GMT  68.122.125.71** |
| | **Fri Aug 17 00:20:59 2007 GMT  68.122.125.71** |
| | **Tue Aug 14 22:58:43 2007 GMT  67.127.57.223** |

Account Status:           **Active**

# EXHIBIT

## "B"

### FILED CONDITIONALLY UNDER SEAL PENDING COURT ORDER

# EXHIBIT

## "C"

### FILED CONDITIONALLY UNDER SEAL PENDING COURT ORDER