STEPHEN J. USOZ, SB# 189095
LESLIE HOLMES, SB# 192608
YAMIN T. MAUNG, SB# 253538
HOGAN HOLMES & USOZ LLP
333 West Santa Clara St., Suite 800
San Jose, California 95113
Telephone: 408-292-7600
Fax: 408-292-7611

Attorneys for Plaintiff
DARSHANA NADKARNI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARSHANA NADKARNI, an individual,<br><br>　　　　Plaintiff,<br>　v.<br>DATTAPRASANNA G. NADKARNI, an individual,<br><br>　　　　Defendant. | CASE NO. C07-04834 JF<br><br>DECLARATION OF STEPHEN J. USOZ IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

I, Stephen J. Usoz, declare as follows:

1.　I am an attorney duly licensed to practice before the U.S. District Court, Northern District of California, and am a partner with the offices of Hogan Holmes and Usoz LLP, attorneys of record for the plaintiff herein. I make this declaration of my own personal knowledge and upon information and belief. As to those matters, I believe them to be true. If called as a witness, I could competently testify hereto.

2.　I was retained by Ms. Nadkarni in this matter soon after defendant published private and personal emails he had obtained from her penmealine@yahoo.com email account as exhibits with the Superior Court of California, Family Division.

---

3. On or about September 25, 2008, this court denied her ex parte application for a Temporary Restraining Order (hereinafter "TRO"), because it was not explained in her pleadings as to why she could not obtain the relief she sought from the Family Court, nor had she sought leave to proceed without giving notice to the defendant.

4. Ms. Nadkarni subsequently applied for a Temporary Restraining Order in Superior Court of California, Family Division, and the TRO was granted. On or about March 5, 2008, the Family Court denied Ms. Nadkarni her hearing and summarily dismissed the application and case, stating in part that, while the complained of conduct might be "very well illegal", the facts did not fall under the Domestic Violence Prevention Act. A true and correct copy of the Transcript of Proceedings from the TRO hearing is attached hereto as Exhibit A. No findings of facts were made.

5. Ms. Nadkarni has appealed the Superior Court decision. At the present time Ms. Nadkarni is not protected from defendant's use of information obtained from her email account.

6. In view of the events that have occurred since this court last considered this matter in September 25, 2008, the request for a TRO is renewed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of May, 2008, at San Jose California.

_____
STEPHEN J. USOZ
ATTORNEYS FOR PLAINTIFF

# EXHIBIT "A"

```
 1              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                    IN AND FOR THE COUNTY OF SANTA CLARA
 3                               FAMILY DIVISION
 4
 5    IN THE MATTER OF:
 6    DARSHANA VARIA NADKARNI,
 7                  Petitioner,
 8              and                              No.  1-02-FL-107415
 9    DATTAPRASANNA G. NADKARNI,
10                  Respondent.
11    _____/
12
13
14
15                       TRANSCRIPT OF PROCEEDINGS
16          BEFORE HONORABLE DEREK WOODHOUSE, JUDGE PRESIDING
17                            DEPARTMENT 83
18                       WEDNESDAY, MARCH 5, 2008
19                       605 WEST EL CAMINO REAL
20                     SUNNYVALE, CALIFORNIA 94087
21
22    APPEARANCES:
23    FOR THE PETITIONER:                FOR THE RESPONDENT:
24    STEPHEN USOZ,                      GEORGE G. BENETATOS,
      Attorney at Law                    Attorney at Law
25
26    COURT REPORTER:
27    LORI PIPER,
      CSR NO. 8285, RPR
28
```

COPY

1

```
 1              WEDNESDAY, MARCH 5, 2008; SAN JOSE, CALIFORNIA
 2                              --ooOoo--
 3              THE COURT:  Line 3, N-a-d-k-a-r-n-i.
 4              MR. BENETATOS:  Good morning, Your Honor.
 5   I'm George Benetatos for responding party.
 6              MR. USOZ:  Steve Usoz, Your Honor, for
 7   petitioner and moving party.  This is a DV case.  My
 8   time estimate is half a day.
 9              MR. BENETATOS:  I would agree with that, Your
10   Honor.  I think we have got maybe 40, 45 minutes of
11   pretrial motions, possibly dispositive.  I think we
12   just have the two witnesses, the petitioner and the
13   respondent.
14              THE COURT:  Okay.  Now, I'm asking for some
15   advice here.  Given the fact that is domestic violence,
16   I know that support and custody issues take precedence
17   over property issues.  Where does domestic violence
18   fall in that category?  Is there any statutory priority
19   associated with that?
20              MR. USOZ:  I can't cite any, but I'm guessing
21   DV would probably trump.  But I'm sure other people
22   would try to disagree with me at this point.
23              MR. BENETATOS:  I don't think it's called a
24   domestic violence case.  But I don't think there's any
25   priority because there is no physical violence or
26   physical harassment or anything of the sort.  The case
27   concerns allegations concerning access, wrongful access
28   into an e-mail account.  No physical violence.  I would
```

```
 1   think it would not trump anything.
 2           THE COURT:  Let me pass -- get through the
 3   rest of the calendar.
 4           MR. USOZ:  We do have a TRO that does expire
 5   today, Your Honor.
 6           THE COURT:  If we can't deal with your case,
 7   we will just extend it.
 8           MR. USOZ:  I will have three witnesses here
 9   at 9:30 that will testify.
10           THE COURT:  Okay.
11           (Other matters were called.)
12           THE COURT:  Nadkarni
13           MR. BENETATOS:  I'm George Benetatos,
14   representing Mr. Nadkarni, respondent.
15           MR. USOZ:  Good afternoon, Your Honor.
16   Stephen Usoz, representing Ms. Nadkarni, who is
17   present.
18           THE COURT:  Over the noon hour, I had a
19   chance to review this file and also Mr. Benetatos'
20   motion for judgment on the pleadings.  I know I'm the
21   judge who originally signed the temporary restraining
22   order, but I have to tell you that it was kind of an
23   iffy thing for me.
24           I think the complaint of conduct may very
25   well be illegal, but I don't think that it rises to the
26   level of conduct that is amenable to the Domestic
27   Violence Prevention Act.  So I'm inclined to dismiss
28   the case without prejudice to you filing a civil action
```

3

```
 1   in the Superior Court.
 2           MR. BENETATOS:  There's an action pending in
 3   the Federal Court on the same matter, Your Honor.
 4           THE COURT:  Okay.  Well, I just don't think
 5   it's proper.  I don't think -- if I had it to do over
 6   again, I would not have issued the temporary
 7   restraining order.
 8           MR. BENETATOS:  Your Honor, we have a request
 9   for attorneys fees as well.
10           THE COURT:  I'm going to order that each
11   party bear their own fees and costs.
12           MR. BENETATOS:  All right.
13           MR. USOZ:  Your Honor, we are going to ask
14   that a finding of fact be made part of the record,
15   based on Your Honor's inclination to dismiss the
16   case.
17           THE COURT:  Say this again.
18           MR. USOZ:  We would like a finding of facts
19   as to why this does not meet the Domestic Violence
20   Prevention Act.
21           THE COURT:  Okay.
22           MR. USOZ:  I'm requesting that so that, if
23   this needs to be reviewed for further action, at least
24   we have it as part of the record.
25           THE COURT:  Could I ask you to prepare a
26   proposed --
27           MR. BENETATOS:  Yes, I will.  And I'll
28   circulate it to Mr. Usoz.
```

1  THE COURT:  Very well.
2  MR. BENETATOS:  The matter is dismissed then?
3  THE COURT:  Yes.
4  MR. USOZ:  Without prejudice, Your Honor?
5  THE COURT:  Yes.
6  MR. BENETATOS:  Thank you.
7  MR. USOZ:  Your Honor, my understanding is
8  that the motion prepared by Mr. Benetatos was not filed
9  timely or even filed today with the court.  Can I get
10 some clarification on that?
11 THE COURT:  Actually, because I got your
12 opposition, I wanted to see what the basis of the
13 motion was.  So I secured it.
14 MR. BENETATOS:  I tendered my papers this
15 morning to the clerk -- your clerk here.  She
16 instructed me to file it across the hall, which I did.
17 The clerk brought it back, and the clerk came back and
18 said they couldn't accept the filing and said I had to
19 submit it to the court.  So I was waiting to do that
20 this afternoon.
21 THE CLERK:  Judge, I can deal with that.
22 That's all a clerk issue.  I can deal with that.
23 THE COURT:  Okay.  It's my understanding that
24 the law -- that the motion for judgment on the
25 pleadings can be made at any time, up to and including
26 the trial.
27 MR. BENETATOS:  I included the authority to
28 that effect, Your Honor.  There's a statute, but the

5

1 statute is not exclusive. There's also the common law
2 rule that still applies that it can be made even during
3 the trial. I cited that authority, and their
4 opposition brief did not respond to that issue.
5         THE COURT: Notwithstanding the motion
6 itself -- and I know that we respectfully disagree with
7 one another --
8         MR. USOZ: You are the judge.
9         THE COURT: -- I wouldn't have extended it.
10        So you prepare a proposed statement of
11 decision.
12        MR. BENETATOS: Yes, I will, Your Honor.
13        Just to be clear then, the court, I assume,
14 is granting the motion for judgment on the pleadings?
15 Is that the order or the finding to that effect subject
16 to Mr. Usoz's approval?
17        THE COURT: Yes.
18        MR. BENETATOS: Thank you, Your Honor.

```
 1   STATE OF CALIFORNIA    )
                            )ss
 2   COUNTY OF SANTA CLARA  )
 3
 4
 5         I, the undersigned, a Certified Shorthand
 6   Reporter of the State of California, do hereby certify:
 7         That the foregoing proceedings were taken
 8   before me at the time and place herein set forth; that
 9   a verbatim record of the proceedings was made by me
10   using machine shorthand which was thereafter
11   transcribed under my direction; further, that the
12   foregoing is an accurate transcription thereof.
13         I further certify that I am neither
14   financially interested in the action nor a relative or
15   employee of any attorney or any of the persons at the
16   proceeding.
17         IN WITNESS WHEREOF, I have this date
18   subscribed my name.
19
20         Dated: March 30, 2008
21
22         _____
             LORI PIPER, CSR No. 8285, RPR
23
24
25
26
27
28
```

7