STEPHEN J. USOZ, SB# 189095
LESLIE HOLMES, SB# 192608
YAMIN T. MAUNG, SB# 253538
HOGAN HOLMES & USOZ LLP
333 West Santa Clara St., Suite 800
San Jose, California 95113
Telephone: 408-292-7600
Fax:  408-292-7611

Attorneys for Plaintiff
DARSHANA NADKARNI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARSHANA NADKARNI, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DATTAPRASANNA G. NADKARNI, an individual, <br><br> Defendant. | CASE NO.  C07-04834 JF <br><br> PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO APPLICATION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME <br><br> Date: June 13, 2008 <br> Time: 9:00 a.m. <br> Honarable: Judge Jeremy Fogle |

## I.    INTRODUCTION

Plaintiff Darshana Nadkarni ("Plaintiff") submits this reply to Defendant Dattaprasanna G. Nadkarni's ("Defendant") opposition to her application for a temporary restraining order preventing him from using or disclosing information he obtained through his unauthorized access into her personal email account.

Not only does the Ninth Circuit have a relaxed standard for obtaining injunctive relief where a statute, such as the Stored Communications Privacy Act, expressly authorizes the court to grant injunctive relief, but Plaintiff has clearly established 1) a likelihood of success on the merits, 2) she will be irreparably harmed, and 3) the balancing of the hardships unmistakably

weighs heavily in her favor. *Trailer Train Co. v. State Board of Equalization* 697 F.2d 860, 869 (9th Cir.1983). The court should therefore grant Plaintiff's motion for a temporary restraining order preventing Defendant from using or disclosing information he obtained from Plaintiff's penmealine@yahoo.com email account.

## II.    FACTUAL ARGUMENT

### A.    Plaintiff Is Likely To Prevail On The Merits.

First, Defendant's opposition rests on the incorrect and misguided premise that the "principal factual dispute in this case is who created the disputed penmealine@yahoo.com email account" ("email account"). Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for the TRO, pg. 2.

"Creation of the email account" does not equate to "the right to have access to the email account", as Defendant would like the court to believe. Anybody who is familiar with setting up email accounts understands that not everybody who creates an email account is authorized for all eternity to have access to that email account.

In this case, Defendant and Plaintiff both claim to have created the account. While this may be a factor to consider, it is not the "principal fact in dispute." The primary issue is not who created the email account, but whether Defendant was authorized to access the email account and obtain private and confidential information stored therein.

The facts clearly and substantially support Plaintiff will prevail by showing that Defendant was not authorized to access the email account. First, Plaintiff is the only person who has ever used this email account. Defendant's Exhibit 1 merely shows an email was received in the email account in June 2002, and that Defendant, at some point after the email was received, had access to the email. What it does not show is: 1) when (or whether) Defendant accessed the email account to obtain Exhibit 1; 2) whether Defendant was authorized to access the email account at that time, and 3) whether Plaintiff knew he was accessing it at that time.

Second, Plaintiff was storing extremely sensitive information, personal and confidential in nature in the email account. The information includes, but is not limited to, confidential information regarding her mother's trust, business transactions between herself and her business partners, and discussions regarding strategy between herself and her attorney in a family law case

against Defendant. Why would Plaintiff have stored this type of information in the email account if Defendant had authority to access it, or if she knew Defendant had the ability to access it?

Finally, it is well known that passwords can be obtained through various means. Email accounts are compromised routinely, which has led to the need for laws prohibiting such behaviors, to wit the Stored Electronic Communications Privacy Act. Defendant has not shown he had authority to access the email account.

The facts clearly show that Plaintiff is likely to prevail on the merits. She is the only party who has demonstrated having used the email account. Plaintiff also used the email account to communicate and store, among other sensitive, personal, and confidential things, case strategy with her attorney in a case against Defendant. All these facts point to the fact that Defendant did not, and does not, have authority to access the email account, as he claims.

**B.     Plaintiff Will Suffer Irreparable Harm.**

Defendant has represented that Plaintiff did not "fear" irreparable harm because her application for a temporary restraining order was not filed until 20 days after she discovered Defendant had accessed her email account. What Defendant has not disclosed to the court, is the very relevant fact that Plaintiff had to find an attorney to represent her in a civil suit, as her family law attorney only handles family law cases. It is well known that finding a new attorney can be a tedious process that can take several weeks. Indeed, for Plaintiff to find an attorney in such a short period of time, and for that attorney to gather all the information he needed, and have the application filed within 20 days not only rebuts Defendant's representation but demonstrates Plaintiff's fear and resolve in protecting herself from Defendant.

Any reasonable person in Plaintiff's position would fear that Defendant will continue to use or disclose the personal and confidential information he obtained from the email account, particularly based on the history of domestic violence in this case and Defendant's actions.

Furthermore, in contradiction to Defendant's claims that Plaintiff's fears are without foundation, Defendant has already used the information he obtained from Plaintiff's email account. As admitted in his Opposition papers, Defendant has now allegedly filed another lawsuit against the Indian Community Center, naming Plaintiff as a defendant, in which he fully admits to using information contained in Plaintiff's private and personal emails. Defendant's

Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for the TRO, pg. 5. As demonstrated, Defendant has used, and will continue using, the emails against Plaintiff in an effort to control her, until this court puts a stop to it.

### C. The Balance Of The Hardships Weighs Heavily In Plaintiff's Favor.

Defendant appears to believe that the balance of the hardships weigh in his favor because the information in the email account is relevant to allegations he has raised about Plaintiff. However, this can hardly be considered a hardship, as there are alternative and lawful means for Defendant to preserve and/or obtain the same evidence.

Plaintiff, on the other hand, has and will continue to suffer considerable and irreparable harm to her reputation in the Indian and business community due to the actions of Defendant. Further, Defendant has not addressed the well established case law that says that where a statute provides for injunctive relief and there is a showing of a violation of that statute, the requirement for showing irereparable harm is relaxed, if not eliminated. *United States v. Odessa Union Warehouse Co-Op.*, 833 F. 2d 172, 175 (9th Cir. 1987).

### D. Defendant's Evidentiary Objections Are Clearly Being Used As A Delay Tactic.

It is clear Defendant's evidentiary objections are being used as a delay tactic and only serves to create more work for all parties involved. Defendant is arguing that the words "contentious", "sensitive", and "a particular note" are so argumentative that parts of Plaintiff's declaration should be striken. He is blatantly throwing as much "mud" as he can against the wall to see if any of it sticks. Further, he is citing California state cases in support of his objections. That said, the following are the responses to the objections:

1. Declaration at 1:23-24: "… and upon information and belief, and as to those items, I believe them to be true…"

Objection: Testimony based upon "information and belief" is inadmissible because it is not based on the witness's personal knowledge, and it is based on inadmissible hearsay.

**Response:** Defendant's objection lacks merit. Plaintiff's declaration clearly states that the declaration is based on her personal knowledge, and information she believes is true. Further, this statement in itself is not hearsay.

2.    Declaration at 1:28-2:1: "… there have been continuing contentious issues throughout the family law proceedings caused by Defendant…"

Objection: Argumentative by use of the words "contentious" and "caused by Defendant." Argumentative statements are inadmissible. *Seidenberg v. George* (1946) 76 CA2d 306, 309.

**Response:** Defendant's objection lacks merit. The word "contentious" is an adjective used to describe her experience in the family law case.

3.    Declaration at 2:17-2:20: "… A particular note is that the third-party customer companies and the potential job candidates and their information is predominantly outside of the State of California, which translates into interstate commerce;…"

First Objection: Argumentative by use of the words "A particular note." Argumentative statements are inadmissible. *Seidenberg v. George* (1946) 76 CA2d 306, 309.

**Response:** Defendant's objection lacks merit. "A particular note" is a transitional phrase, and cannot be construed as argumentative.

Second Objection: Legal opinion without foundation by use of the words "…which translates into interstate commerce." FEC §§ 702, 703; *Marriage of Heggie* (2002) 99 CA4th 28, 30.

**Response:** Defendant's objection lacks merit. Plaintiff is describing the types of transactions she conducts for her business through the email account.

4.    Declaration at 3:11-3:13: "… Occasionally, sensitive information has been revealed within these communications by third parties, with "off the record" comments. This information is public knowledge;…"

First Objection: Argumentative by use of the word. "sensitive." Argumentative statements are inadmissible. *Seidenberg v. George* (1946) 76 CA2d 306, 309.

**Response:** Defendant's objection lacks merit. "Sensitive" is an adjective describing the type of information, and cannot be construed as argumentative.

Second Objection: Unintelligible; "… has been revealed within these communications by third parties" is unintelligible, hence irrelevant. FEC §§ 401, 403.

**Response:** Defendant's objection lacks merit. The harm that has and can still be caused by Defendant's actions is highly relevant.

5.  <u>Declaration at 4:5 - 4:10: "… Given that the information was in my email account, I believe this statement is a direct threat that unless I succumb to his demands in the family law case, he will interfere and directly impact my business relationship. I also believe he will file my personal emails in the family court action in order to embarrass me, and to injure my relationships with my family members and third-parties including professional clients…"</u>

First Objection: Lay opinions without foundation; FEC §§ 602, 701. The foregoing are mere assertions without foundation. There is no testimony from Plaintiff describing how revelation of the emails will "interfere and directly impact [Plaintiff's] business relationship"; nor is there any testimony describing how Plaintiff will be "embarrassed," or how her "relationships with [her] family members and…professional clients" will be "injured." Without a foundation to support such assertions, Plaintiff's lay opinions are inadmissible, and should be striken. FEC §§ 602, 701.

**Response:** Defendant's objection lacks merit. This is clearly not a lay opinion. Plaintiff is stating a belief that she has, which incidentally has merit. Defendant, in his opposition papers, has admitted to using information he obtained from the email account in his new lawsuit against the Indian Community Center, naming Plaintiff as a defendant. Defendant has also used the information that was stored on the email account to subpoena Plaintiff's mother's trustees in the family law matter. Plaintiff clearly has substantial basis for believing Defendant will continue using the personal and private information he obtained from her email account.

Second Objection: Vague, ambiguous, and argumentative. The foregoing assertions of "interference," "directly impact," "embarrassment" and "injured relationships" are amorphous and argumentative. Argumentative statements are inadmissible. *Seidenberg v. George* (1946) 76 CA2d 306, 309.

**Response:** Defendant's objection lacks merit. "Interference," "directly impact," "embarrassment" and "injured relationships" are adjectives that directly describes Plaintiff's situation and emotional state.

6.  <u>Declaration at 4:12: "… illegally…"</u>

Objection: Legal opinion without foundation. FEC §§ 702, 703; *Marriage of Heggie* (2002) 99 CA4th 28, 30.

-6-
PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION OF APPLICATION FOR TRO

**Response:** Defendant's objection lacks merit. The word "illegally" is a description of Plaintiff's understanding of the facts in this case.

7. Declaration at 4:15 - 18: "… Defendant has harassed and cyber-stalked me in an effort to destroy my business reputation and intimidate me…"

First Objection: Argumentative statement with no factual foundation set forth in the declaration. The declaration does not specifically describe the alleged harassment as defined by FL § 6320 and CCP § 527.6(b); nor does it state what effect, if any, the alleged "harassment" has on petitioner's business reputation; it does not state why the alleged conduct "intimidates" Petitioner within the meaning of Family Law § 6320 or CCP § 527.6(b); and it does not state what personal knowledge, if any, Petitioner has to support the foregoing assertion. FEC § 602.

**Response:** Defendant's objection lacks merit. The words "harassment" and "intimidation" are common words to describe a situation. Plaintiff is describing her belief and fears, and has a strong basis for doing so. Defendant, in his opposition papers, has admitted to using information he obtained from the email account in his new lawsuit against the Indian Community Center, one of Plaintiff's business partners, and naming Plaintiff as a defendant. Defendant has also used the information that was stored on the email account to subpoena Plaintiff's mother's trustees in the family law matter. Plaintiff clearly has substantial basis for believing Defendant will continue using the personal and private information he obtained from her email account for which she feels harassed and stalked.

Second Objection: Argumentative and ambiguous by use of the words "cyber-stalked"; EC § 765(a); Argumentative statements are inadmissible. *Seidenberg v. George* (1946) 76 CA2d 306, 309.

**Response:** Defendant's objection lacks merit. Plaintiff is describing her belief and fears, and has a strong basis for doing so. The word "cyber-stalked" is a common word used to describe a situation where one is using the internet in a certain manner as to harass a victim. It is defined in the MSN Encarta under "cyber-stalker" as "a stalker who uses the internet to harass a victim."

8. <u>Declaration at 4:16 – 4:18: "… Defendant has admitted to committing the crime(s) in his own declaration and has utilized the information obtained by accessing my account to gain his objectives…"</u>

First Objection: "Defendant has admitted to committing the crime(s)" is a legal opinion without foundation. FEC §§ 702, 703; *Marriage of Heggie* (2002) 99 CA4th 28, 30.

**Response:** Defendant's objection lacks merit. It is Plaintiff's interpretation and what she believes to be true as to what the court documents state.

Second Objection: Vague, ambiguous, and argumentative by use of the words "has utilized the information obtained by accessing my account to gain his objectives."; such words are irrelevant. FEC §§ 401, 403; *Seidenberg v. George* (1946) 76 CA2d 306, 309.

**Response:** Defendant's objection lacks merit. Plaintiff is describing her belief and fears and state of mind, and she has a strong basis for doing so. This information is clearly relevant, specific, and non-argumentative, considering the fact that Defendant has used information obtained from her email account in two separate cases against Plaintiff.

Third Objection: Argumentative by use of the words "defendant has admitted to committing the crimes…"; what has been "admitted" is argumentative, hence inadmissible. *Seidenberg v. George* (1946) 76 CA2d 306, 309.

**Response:** Defendant's objection lacks merit. The word "admitted" is a common word used to describe a situation and the declaration filed by Defendant speaks for itself as to what he did.

9. <u>Declaration at 4:19 – 4:21: "… Defendant has told others that he knew which social events I would be attending within the past three months. I was unable to determine the methodology as to how Defendant became aware of my schedule until learning of his access to my email account…"</u>

First Objection: No foundation for the statement "Defendant has told others that he knew which social events I would be attending…" FEC § 602.

**Response:** Defendant's objection lacks merit. Plaintiff is making a prefatory statement to demonstrate her state of mind regarding this information, and her fears in light of the fact that he did indeed gain access to the email account.

-8-
PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION OF APPLICATION FOR TRO

Second Objection: Hearsay in that Plaintiff is referencing statements by third parties.

**Response:** Defendant's objection lacks merit. This statement falls within an exception to the hearsay rule as it goes to her state of mind, and explains her fears, particularly in light of the fact that he did indeed gain access to the email account.

10. <u>Declaration at 4:23 – 4:24: "… His knowledge of my attendance at these activities has caused me to fear for my safety based on his prior treatment of me during our marriage…"</u>

First Objection: The sentence, including the words "…based on his prior treatment of me…" is vague ambiguous and argumentative. FEC §§ 401, 403; Argumentative statements are inadmissible. *Seidenberg v. George* (1946) 76 CA2d 306, 309.

**Response:** Defendant's objection lacks merit. Plaintiff is making a statement of fact as to her state of mind.

Second Objection: No testimony in Plaintiff's declaration that Plaintiff has personal knowledge regarding "[Defendant's] knowledge of [Plaintiff's] attendance at these activities…" FEC § 602.

**Response:** Defendant's objection lacks merit. Plaintiff is making prefatory statement as to the reason for her state of mind based on the situation, particularly in light of the fact that he did indeed gain access to the email account.

11. <u>Declaration at 4:21 – 4:23: "While Defendant was charged and convicted in 1999 for perpetrating domestic violence against me, domestic violence has been present throughout our marriage."</u>

First Objection: No foundation; Petitioner's statements are mere assertions, with no testimony from Petitioner describing the alleged "abuse" and beatings." FEC § 602.

**Response:** Defendant's objection lacks merit. These are not mere assertions. Plaintiff is making a statement of fact.[1] Defendant, who had been charged and convicted of domestic violence against Plaintiff, subsequently obtained access to her personal email account. This gives Plaintiff a basis for her belief that he will use the information he has obtained to harm her.

---

[1] The court is requested to take judicial notice of face sheet of the Misdemeanor Complaint (Case No: C9953165) and a letter from the Santa Clara County District Attorney dated March 23, 2000, pursuant to Federal Rules of Evidence 201.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION OF APPLICATION FOR TRO

Second Objection: "Domestic violence" is vague, ambiguous and argumentative; there is no description or testimony of the alleged "domestic violence." Argumentative statements are inadmissible. *Seidenberg v. George* (1946) 76 CA2d 306, 309.

**Response:** Defendant's objection lacks merit. Plaintiff is making a statement of fact. Defendant, who had been charged and convicted of domestic violence against Plaintiff, has obtained access to her personal email account. This gives Plaintiff a basis for her belief that he will use the information he has obtained to harm her. These words cannot be construed as vague, ambiguous, or argumentative.

Third Objection: "…domestic violence has been present throughout our marriage" is a mere assertion without foundation; FEC § 602; it is also vague, ambiguous and argumentative; there is no description or testimony of the alleged "domestic violence." Argumentative statements are inadmissible. *Seidenberg v. George* (1946) 76 CA2d 306, 309 vague and ambiguous statements are irrelevant. FEC §§ 401, 403.

**Response:** Defendant's objection lacks merit. Plaintiff is making a statement of fact. Defendant, who had been charged and convicted of domestic violence against Plaintiff, has obtained access to her personal email account. This act gives Plaintiff a basis for her belief that he will use the information he has obtained to harm her. These words cannot be construed as vague, ambiguous, or argumentative.

Fourth Objection: No foundation. No testimony referencing Petitioner's personal knowledge of the alleged "conviction." FEC § 602.

**Response:** Defendant's objection lacks merit. Plaintiff has personal knowledge of the Defendant's conviction as the victim in the domestic violence case.

Fifth Objection: No foundation; whether there was a "conviction" is a legal opinion. FEC §§ 702, 703; *Marriage of Heggie* (2002) 99 CA4th 28, 30.

**Response:** Defendant's objection lacks merit. The criminal court determined by clear and convincing evidence that Defendant perpetrated domestic violence against Plaintiff and convicted him of such. This is not Plaintiff's opinion, but a statement of fact.

     Sixth Objection: Irrelevant to Plaintiff's request for a restraining order concerning her emails, and her claims that Defendant allegedly accessed her email account, in violation of 29 USC § 2701 et seq.; FEC §§ 401, 403.

     **Response:** Defendant's objection lacks merit. The history of domestic violence by Defendant against Plaintiff is very relevant to show the urgency of obtaining the injunctive relief afforded by 29 USC § 2701, because Plaintiff is in danger of suffering irreparable harm and hardship if the court does not grant it.

     12.    <u>Declaration at 5:2-5:4: "The exhibits containing my emails and filed by respondent with this Court have been obtained illegally, and the methods used to obtain these exhibits have violated State and Federal Statutes."</u>

     Objection: Legal opinion without foundation. FEC §§ 702, 703; *Marriage of Heggie* (2002) 99 CA4th 28, 30.

     **Response:** Defendant's objection lacks merit. It is stating her belief as to the situation as it occurred based on Defendant's declarations.

     13.    <u>Declaration at 5:4-5:25: [This part of Petitioner's declaration merely states a series of requests for relief.]</u>

     Objection: This is not testimony relevant to whether a restraining order should be given; it is merely the Petitioner's statement regarding the relief requested. Therefore, it should be striken as irrelevant. [FEC§§ 401, 403]. It should also be striken as legal argument without expert foundation, not a declaration of facts. *Marriage of Heggie* (2002) 99 CA4th 28, 30; FEC §§ 602, 702, 703.

     **Response:** Defendant's objection lacks merit. The statements referenced are highly relevant as to Plaintiff's wishes. Further, the statements are requests, and cannot be construed to be legal arguments.

     14.    <u>Declaration at 5:6-5:7: The sealing of the exhibits for this motion is narrowly tailored to accomplish the request made for the permanent sealing of the exhibits now on file with this court."</u>

     Objection: This is a mere argumentative assertion; as such it is inadmissible. *Seidenberg v. George* (1946) 76 CA2d 306, 309.

**Response:** Defendant's objection lacks merit. This statement cannot be construed to be argumentative. It is merely stating another reason for the sealing of the exhibits for this motion.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the court grant her application for a temporary restraining order.

Dated: May 30, 2008

                              HOGAN HOLMES & USOZ, LLP

                              __s/_____
                              STEPHEN J. USOZ
                              Attorney for Plaintiff