1

2 **E-filed 9/26/08**

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN JOSE DIVISION**

11

12 DARSHANA NADKARNI,                    Case Number C 07-4834 JF (RS)

13              Plaintiff,              ORDER[1] DENYING PLAINTIFF'S
                                        MOTION FOR TEMPORARY
14     v.                              RESTRAINING ORDER; AND
                                        REQUESTING STATUS UPDATE RE
15 DATTAPRASANNA G. NADKARNI,          STATE COURT ACTION

16

17              Defendant.             [re:  docket no. 21]

18

19        Plaintiff Darshana Nadkarni seeks a temporary restraining order ("TRO") against her

20 former husband, Defendant Dattaprasanna Nadkarni, to prevent him from disseminating her

21 private e-mail messages.  For reasons set forth below, the motion will be denied.  In order to

22 determine whether retention of subject matter jurisdiction in this Court is appropriate, the Court

23 will request an update regarding the status of the parties' state court action.

24                              **I. BACKGROUND**

25        The instant action arises out of a marital dissolution action in the California Superior

26 Court.  Plaintiff alleges that after she and Defendant separated, she established a Yahoo e-mail

27 _____

28        [1] This disposition is not designated for publication in the official reports.

Case No. C 07-4834 JF (RS)
ORDER DENYING MOTION FOR TRO AND REQUESTING STATUS UPDATE RE STATE COURT ACTION
(JFLC2)

1    account that she used to conduct personal and business affairs.  Plaintiff alleges that she did not

2    give the account password to Defendant, but that Defendant somehow obtained the password and

3    accessed the account.  On August 31, 2007, Defendant included copies of emails from the Yahoo

4    account in a filing in the family court action.  Approximately three weeks later, on September 20,

5    2007, Plaintiff filed the instant action, alleging violation of the Federal Stored Communications

6    Privacy Act ("the Act"), 18 U.S.C. §2701, and related claims.  At that time, Plaintiff

7    unsuccessfully moved *ex parte* for a TRO to prevent Defendant from disseminating her private e-

8    mail messages.  Plaintiff has filed a renewed motion, this time with notice to Defendant, who

9    opposes the motion.

10                                          **II. DISCUSSION**

11           The standard for issuance of a temporary restraining order is the same as that for issuance

12   of a preliminary injunction.  *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236

13   F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes*

14   *Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  In the Ninth Circuit, a party seeking a

15   preliminary injunction must show either (1) a likelihood of success on the merits and the

16   possibility of irreparable injury, or (2) the existence of serious questions going to the merits and

17   the balance of hardships tipping in the movant's favor.  *Roe v. Anderson*, 134 F.3d 1400, 1401-

18   02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir.

19   1984).  These formulations represent two points on a sliding scale in which the required degree

20   of irreparable harm increases as the probability of success decreases.  *Roe*, 134 F.3d at 1402.

21           As noted in its order denying Plaintiff's first motion for TRO, the Court has significant

22   reservations as to whether it should exercise jurisdiction over this action in light of the fact that it

23   arises from a domestic dispute.  *See Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir.

24   1986) ("Even when a federal question is presented, federal courts decline to hear disputes which

25   would deeply involve them in adjudicating domestic matters.").  Even assuming for purposes of

26   this motion that this Court should exercise jurisdiction, Plaintiff has failed to meet the applicable

27   standard.  The parties' competing declarations create a classic he said - she said situation with

28   respect to creation of and authority to use the email account in question.  Under these

2

circumstances, the Court cannot conclude that Plaintiff has demonstrated a likelihood of success on the merits of her claim under the Act.  While Plaintiff has demonstrated serious questions going to the merits of her claim, she has not demonstrated that the balance of hardships tips in her favor if this Court declines to issue a TRO.  Defendant's use of the emails arose in the context of the family law action; that court is in the best position to assess use of the emails in that action.

This order disposes of the only motion pending before the Court.  However, an update regarding the status of the state court action, which at the time of hearing was on appeal, would be helpful to the Court as it considers how to manage this case.  Accordingly, the Court will request that the parties file a joint status update within fourteen days after service of this Order. If the parties are unable to file a joint status update, the parties may file individual updates.

### III. ORDER

(1)     Plaintiff's renewed motion for TRO is DENIED *nunc pro tunc* to June 13, 2008; and

(2)     The parties shall file an update regarding the status of the state court action within fourteen days after service of this order.

DATED:  9/26/08

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-4834 JF (RS)
ORDER DENYING MOTION FOR TRO AND REQUESTING STATUS UPDATE RE STATE COURT ACTION
(JFLC2)

1   Copies of this order were served on the following persons:

2

3   George G. Benetatos cwellen@earthlink.net

4   Mark Vincent Boennighausen mvb@hoganlaw.com

5   Leslie Holmes lholmes@hoganlaw.com, mvb@hoganlaw.com

6
    Stephen Joseph Usoz SUsoz@Hoganlaw.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-4834 JF (RS)
ORDER DENYING MOTION FOR TRO AND REQUESTING STATUS UPDATE RE STATE COURT ACTION
(JFLC2)